IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>William J Montanez<br>Dulcie M Montanez<br><br>Debtor. | Case # 18-24734<br>Chapter 7<br><br>Honorable Pamela S. Hollis<br><br>Set for August 23, 2019 at 10:00 a.m. |

## NOTICE OF MOTION

TO:  Attached Service List

    PLEASE TAKE NOTICE that on August 23, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis at Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, Illinois, or, in her absence, before any other Judge who may be sitting in her stead, and shall then and there present Trustee's **Motion to Compel Turnover of Funds**, a copy of which is attached hereto and is hereby served upon you.

                                                /s/    Cindy M. Johnson

Cindy M. Johnson                                       Chapter 7 Trustee
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312) 345-1306

## CERTIFICATE OF SERVICE

    I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on August 16, 2019

                                                     /s/ Cindy M. Johnson

## SERVICE LIST

**Electronic Mail Notice List**

- Cindy M. Johnson     cmjtrustee@jnlegal.net, cjohnson@ecf.axosfs.com
- Jason A. Kara     ndil@geracilaw.com
- Christine Kuhlman     ndil@geracilaw.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov

**US Mail**

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

William J Montanez
Dulcie M Montanez
3945 HavenHill Court
Yorkville, IL 60560

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**William J Montanez**<br>**Dulcie M Montanez**<br><br>**Debtor.** | Case #18-24734<br><br>Chapter 7<br><br>**Honorable Pamela S. Hollis**<br><br>**Set for August 23, 2019 at 10:00 a.m.** |

## MOTION TO COMPEL TURNOVER OF FUNDS

NOW COMES, Cindy M. Johnson (hereafter, "Trustee"), not individually, but as trustee of the bankruptcy estate of William J Montanez and Dulcie M Montanez and, in support of her Motion to Compel Turnover of Funds, pursuant to 11 U.S.C §342 and 11 U.S.C §544 states as follows:

1. On August 31, 2018, ("Petition Date") William J. Montanez and Dulcie M. Montanez ("Debtors") filed a voluntary joint petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code (hereafter, "Code").

2. On Schedules A/B Debtors listed a checking account at Bridgeview Bank containing $12,176.00.

3. On Schedule C Debtors claimed an exemption in the funds in the Bridgeview Bank checking account under 735 ILCS 5/12-906 alleging the funds to be proceeds from the sale of Debtors' residence.

4. Trustee confirmed with Debtors that the funds in the Bridgeview Bank account were in fact proceeds from the sale of Debtors' residence and that Debtors received the funds ("Proceeds") on or about June 21, 2018.

5. There is no question as to the fact that the Proceeds are property of the estate. The sole questions are how a post-petition expiration of an exemption

condition affects the exemption and Trustee's right to turnover of the Proceeds.

6. The exemption for proceeds from the sale of Debtors residence is an expiring exemption that is only valid if the funds are reinvested in another residence within 1 year. See *In re Stewart*, 452 B.R. 726 (C.D.Ill 2011)

7. Debtors did not reinvest the Proceeds in a new residence within a year of receiving them.

8. On the Petition Date Trustee had the rights in the Proceeds that a levying creditor would have in an execution. *See*, 11 U.S.C §544.

9. As Judge Perkins explained in the *Stewart* case, a creditor who levied on the proceeds during the 1-year period could retain its lien on the funds until the 1-year expired and would be entitled to the proceeds if they were not reinvested within the year. *Stewart* at 737. And, since a trustee has the rights of such a lien creditor:

> There is no reason that a trustee's potential right to administer the proceeds may not remain pending subject to the debtor's right to reinvest the proceeds within one year. If the year expires without reinvestment, the proceeds should be turned over to the trustee. Only in this fashion may the delicate balance between debtor relief and creditor rights be preserved.

*In re Stewart*, 452 B.R. 726, 738 (Bankr. C.D. Ill. 2011)

10. Since Debtors did not reinvest the Proceeds, and now that the exemption's natural termination point has passed, the Proceeds do not meet the requirements of the Illinois exemption, and, therefore, they must be turned over to Trustee.

11. Trustee has made demand for turnover, and Debtors have refused to turnover the proceeds premised upon various legal theories as to why they do not need to do so.

WHEREFORE, Cindy M. Johnson, not individually, but as Trustee of the Estate of

William J Montanez and Dulcie M. Montanez, asks this Honorable Court to enter to enter an order:

1. Compelling Debtors within 14 days to turnover $12,176.00 to the Trustee.

2. Granting Trustee any other relief the Court deems just and equitable.

        Respectfully submitted,
        Cindy M. Johnson, not individually, but as Trustee of the Estate of William J. Montanez and Dulcie M Montanez ,

        /s/ ___ Cindy M. Johnson _____
        Chapter 7 Trustee

Cindy M. Johnson
Chapter 7 Trustee
140 S. Dearborn Street, Suite 1510
Chicago, Illinois  60603
(312) 345-1306